UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY D. WINSLOW,<br><br>   Defendant. | CR: 06-346 (EGS)<br><br>Criminal No. 06-mj-467-1 |

## DETENTION MEMORANDUM

The Defendant, Anthony D. Winslow, has been charged in a criminal complaint with possession and interstate transport of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The government requested a detention hearing, which was held on November 9, 2006. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Officer Jordan Katz of the Metropolitan Police Department ("MPD") testified on behalf of the government. Officer Katz testified that on November 4, 2006 at

- 1 -

about 9:00 pm, he and his partner, Officer Michael Mudd, received a radio transmission that Prince George's County Police were in pursuit of a sport utility vehicle ("SUV") that had been carjacked in Prince George's County, Maryland.  Officer Katz then observed a GMC-brand SUV near the corner of 47th and East Capitol Streets, in Southeast Washington, D.C., heading north at a speed of approximately 60 mph.  Officers Katz and Mudd pursued the vehicle in their car while an MPD helicopter followed from above with a spotlight.  Officers Katz and Mudd eventually caught up with the helicopter and the SUV, the latter of which had come to a stop.  The officers then observed the Defendant exiting from the driver's seat of the SUV wearing a dark shirt and dark pants.  Officers Katz and Mudd then pursued the Defendant on foot and observed him entering through the back door of a home on the 4600 block of A Street, SE.  Officer Katz entered through the front door of the home by force and located the Defendant and another individual[1] in a back bedroom.  Officer Katz again noticed that the Defendant was wearing dark pants and a dark shirt.

Meanwhile, MPD secured the SUV from which the Defendant had fled.  Laying on the front seat of the vehicle, police found a Ruger 9mm P95 handgun with one round in its chamber and 20 rounds in its magazine.  According to Officer Katz, neither the gun nor the ammunition were manufactured in the District of Columbia.

### Discussion

Having heard the testimony of Officer Katz at the November 9, 2006 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation

---

[1] According to Officer Katz, MPD police in the helicopter observed this individual exiting from the passenger's seat of the SUV. At the request of the government, charges against this individual have been dismissed without prejudice.

of 18 U.S.C. § 922(g)(1).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

Here, the government seeks pre-trial detention on both grounds: that no conditions or combination of conditions will reasonably assure the defendant's future presence or the safety of the community. In making this determination, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Unlawful possession of a firearm and ammunition is a serious offense.

The second factor, the weight of the evidence, also favors detention. Officer Katz testified that a police helicopter with a spotlight aided his pursuit of the SUV. Also, as supported by submitted photographic evidence, a loaded Ruger 9mm handgun was found laying on the front seat of the SUV. Officer Katz also testified that the Defendant was the same person he had seen exiting the front driver's seat of the SUV.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. The Defendant committed this alleged crime while on probation. According to the Pretrial Services Report, the Defendant has two prior convictions for possession with intent to distribute a controlled substance. Moreover, the Defendant has previously violated supervised release by failing to report to his probation officer and by testing positive for drug use.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The rampant epidemic of shootings and murders reported daily by the news media bears graphic witness to the fact that unlawful possession of a firearm is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure compliance by the Defendant, including the Defendant's appearance at further court proceedings should he be released prior to trial. The Court also finds by clear and convincing evidence that no condition or combination of conditions can be

imposed that would assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.


Dated: November __13th__, 2006                      __/s/_____
                                                             ALAN KAY
                                                             UNITED STATES MAGISTRATE JUDGE